### THEO. MACK WALKER v. STATE OF FLORIDA

8 So. (2nd) 22                                    En Banc
May 1, 1942                   Rehearing Denied May 26, 1942

William C. Pierce, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

PER CURIAM:

The appellant was informed against, tried, convicted and sentenced by the Criminal Court of Record of Hillsborough County, Florida, to serve a period of years in the state prison at hard labor. He has per-

fected his appeal to this Court, and several questions are presented for adjudication.

It is contended that certain confessions alleged to have been made by the appellant, jointly with another, should not have been admitted as evidence until the *corpus delicti* had been *prima facie* established by independent testimony. Several cases are cited to sustain this contention. We have read the evidence and conclude that sufficient testimony of the existence of the *corpus delicti* had been offered prior to the introduction of the confession.

It is next contended that the appellant had been drinking, was taken into custody and placed in jail and deprived of the privilege of securing an attorney. There is some evidence tending to support the contention, but the officers testified that the appellant, prior to signing the challenged confession, did not request the services of an attorney. The lower court resolved this disputed question of fact against the appellant, and there is substantial evidence in the record to sustain his conclusions. Officers in their zeal to enforce the criminal laws are bound to recognize that men charged with crime have fundamental rights that must be safeguarded, and among these is representation by counsel. These fundamental rights must be respected and observed when enforcing the criminal laws.

It is next contended that the evidence is circumstantial, uncorroborated and legally insufficient to sustain a conviction. In the light of this contention we have carefully examined the record, read the able briefs filed by counsel and oral argument has heard at the bar of this court. We fail to find error in the

record and the judgment appealed from accordingly is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.